UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| UNITED STATES, | |
|---|---|
| v. | No. 15-cr-603 (WJM) |
| AL-JALEEL BELL. | OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on a motion filed by Defendant Al-Jaleel Bell ("Defendant") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF Nos. 26, 31. For the reasons set forth below, Defendant's motion is **DENIED**.

## I. BACKGROUND

Defendant is a thirty-nine (39) year old African American male incarcerated at FCI Allenwood in Allenwood, Pennsylvania. On December 1, 2015, Defendant pleaded guilty to an Information charging him with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 17. On May 3, 2016, this Court sentenced him to ninety-two (92) months of imprisonment followed by three (3) years of supervised release. ECF Nos. 20-21. Defendant is scheduled to be released from FCI Allenwood at the end of this year on December 9, 2021 but is eligible for home detention in a little over four months on June 9, 2021. Def. Br. at 2, ECF No. 31; Ex. C, Def. Br.

On August 20, 2020, Defendant filed a motion *pro se* for compassionate release based on his weight and history of seizures. ECF No. 26. On October 13, 2020, Defendant filed a letter *pro se* advising the Court he tested positive for Covid-19. ECF No. 27. At that time, Defendant had not yet applied for compassionate release with the Bureau of Prisons ("BOP"), but eventually did so through counsel on November 24, 2020. Def. Br. at 2, ECF No. 31. When BOP did not respond to the application, Defendant's counsel filed the instant supplemental motion for compassionate release on his behalf. *Id.*

Defendant argues three circumstances now warrant his release: his weight, his race, and his risk of reinfection. *Id.* at 3-9. The Government opposes the motion. ECF No. 32.

## II. DISCUSSION

Under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary

reasons exist to justify such release. *United States v. Sellers*, No. 10-434 (RMB), 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). The parties do not dispute that Defendant has exhausted his administrative remedies here. Defendant requested a reduction in his sentence on November 24, 2020 and filed the instant motion on December 29, 2020. As more than thirty days have passed since his initial request to BOP for compassionate release, Defendant's motion is properly before the Court. *See* 18 U.S.C. § 3582(c).

Once the defendant has met the exhaustion requirement, the Court may exercise its discretion and grant a motion to reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." *Id.* § 3582(c)(1)(A). The Sentencing Commission's Policy Statement concerning the reduction of a defendant's sentence provides that a defendant's serious physical or medical condition may serve as grounds for the existence of "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, Application Note 1(A). In the context of the Covid-19 pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020). Where, as here, the defendant has already contracted the virus, the Court considers whether BOP is properly managing the disease and providing the defendant with adequate medical care during recovery. *See United States v. Epstein*, No. 14-287 (FLW), 2020 WL 2537648, at *4 (D.N.J. May 19, 2020).

Upon finding that extraordinary and compelling reasons are present, the Court must still consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of the defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see, e.g., United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). The factors include, but are not limited to: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the sentencing range established for the applicable category of offense"; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes; and "the need to avoid sentence disparities." 18 U.S.C. § 3553(a).

### A. Defendant Has Not Shown Extraordinary and Compelling Circumstances Justifying His Release

Defendant is five (5) feet and eight (8) inches tall and weighs 268 pounds. ECF No. 26. With a Body Mass Index ("BMI") of 37.7, the Centers for Disease Control and Prevention ("CDC") considers Defendant to be obese and, as such, at an increased risk for severe illness if infected with Covid-19. *See* June 15, 2019 Health Screening, Ex. B, Def. Br.; CDC, *About Adult BMI*, https://www.cdc.gov/healthyweight/assessing/bmi/adult/bmi//index.html (last accessed Jan. 28, 2021). For instance, the CDC has found that obesity is linked to impaired immune function, decreases lung capacity and reserve, can make ventilation more difficult, and may triple the risk of hospitalization due to a Covid-19 infection. CDC, *Obesity,*

2

*Race/Ethnicity, and COVID-19*, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (last accessed Jan. 28, 2021). Other than obesity, the only other medical condition Defendant identifies having is a history of seizures. *See* Apr. 18, 2019 Health Screening, Ex. B, Def. Br. He last suffered a seizure when he was eleven (11) years old. *Id.*

Defendant argues his increased risk is compounded by him being African American. Def. Br. at 5, ECF No. 31. He points to the CDC's finding that "[l]ong-standing systemic health and social inequities have put many people from racial and ethnic minority groups at increased risk of getting sick and dying from COVID-19." CDC, *Health Equity Considerations and Racial and Ethnic Minority Groups*, https://www.cdc.gov/coronavirus/2019ncov/needextraprecautions/racial-ethnic-minorities.html (last accessed Jan. 28, 2021).

Lastly, Defendant argues that while he already contracted and recovered from Covid-19, he remains susceptible not only to reinfection, but also to suffering from severe or deadly virus-related complications. Def. Br. at 7-8, ECF No. 31. He identifies four instances at federal correctional institutions around the country where an inmate with pre-existing medical conditions tested positive for the virus or virus antibodies, seemingly recovered, and then died from allegedly related complications. *Id.* at 8-9.

Defendant's circumstances, individually and taken as a whole, do not constitute extraordinary and compelling reasons justifying his release. As to his weight, courts have generally found that obesity, though a high-risk factor, does not constitute extraordinary and compelling circumstances requiring compassionate release, even when the individual suffers from additional medical conditions. *See, e.g., United States v. Jimenez*, No. 15-87 (SDW), 2020 WL 5887578, at *2 (D.N.J. Oct. 5, 2020) (collecting cases from this District denying compassionate release for lack of extraordinary and compelling circumstances where defendants suffered from obesity and other medical conditions). Moreover, Defendant has already contracted Covid-19. He tested positive for the virus on September 22, 2020 and, very fortunately, remained asymptomatic. Gov't App'x at 13-29, 37-38, 46. It appears he received adequate health care and treatment during the time he was infected, as Health Services performed daily symptom screenings from September 24 through October 2, 2020 to monitor his condition. *Id.* at 13-29, 37-38.

To the extent Defendant is concerned about reinfection or post-recovery complications, the Court is sympathetic to his fears. The past year of this pandemic has shown that the virus is capable of manifesting in a myriad of unpredictable ways, even after an individual is no longer considered contagious. But the evidence here suggests that should Defendant fall ill again, Health Services is indeed capable of caring for him. For instance, on November 23, 2020, Health Services evaluated Defendant upon his complaint of worsening abdominal pains, determined he needed to go the emergency room, and transferred him to UPMC Williamsport hospital via ambulance for further assessment and testing. *Id.* at 7-9. The hospital discharged Defendant the same day. *Id.* at 69.

As to Defendant's argument that his race exacerbates his risk of severe illness, the Court, in line with others in this District, finds that it does not help him establish an extraordinary and

compelling reason for release. *See United States v. Cherry*, No. 9-715 (SDW), 2020 WL 5868800, *3 (D.N.J. Oct. 2. 2020) (finding that defendant's race did not help him establish an extraordinary and compelling reason for release); *United States v. Alexander*, No. 19-32 (FLW), 2020 WL 2507778, *4 (D.N.J. May 15, 2020) (same). It is not clear that being African American is an independent factor that increases Defendant's risk of complications from Covid-19 in the same manner as one's underlying medical conditions. *Cherry*, 2020 WL 5868800, *3; *Alexander*, 2020 WL 2507778, *4. It appears instead that social inequities, like poverty and access to healthcare, affecting racial and ethnic minority groups may be the reason these groups are disproportionately affected by the virus. *See* CDC, *Health Equity Considerations and Racial and Ethnic Minority Groups*, https://www.cdc.gov/coronavirus/2019-ncov/needextraprecautions/racial-ethnic-minorities.html (last accessed Jan. 28, 2021).

For these reasons, the Court finds that Defendant's weight, race, and fears of reinfection or future health complications do not constitute extraordinary and compelling reasons warranting a grant of compassionate release or a reduction in his sentence.

### B. The 18 U.S.C. § 3553(a) Disfavor Defendant's Release

Finally, the Court considers the factors set forth in 18 U.S.C. § 3553(a) and finds they also disfavor Defendant's release, albeit only slightly. At the time of Defendant's sentencing, the Court expressed a need to impose a sentence that would protect the public and deter Defendant from reoffending and carrying a weapon in the future given Defendant's violent criminal history. May 3, 2016 Sentencing Tr. at 17:23-17:24, 18:8-18:11, ECF No. 24. The nine-two (92) month sentence imposed was at the low end of the federal Sentencing Guidelines range. *Id.* 8:23-8:25, 9:7-9:8. The Court understands that Defendant is set to be placed in home detention in a little over four months, has had no disciplinary infractions, and has participated in a wide array of rehabilitation programs while incarcerated. *See* Ex. C, Def. Br. Defendant's efforts are commendable and will hopefully help him establish a stable, successful life for himself once he is released, but they do not, under the circumstances, tip the scale in favor of a reduction in his sentence.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos. 26, 31, is **DENIED**.

An appropriate Order shall follow.

_____
WILLIAM J. MARTINI, U.S.D.J.

Date: **January 28, 2021**